

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2002

# O'Leary v. Grace Newark Housing

Precedential or Non-Precedential:

Docket 01-1644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"O'Leary v. Grace Newark Housing" (2002). *2002 Decisions.* Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1644
_____

DONALD J. O'LEARY

v.

GRACE/NEWARK HOUSING LIMITED PARTNERSHIP;
MAINLAND DEVELOPMENT COMPANY; MICHAEL A. LIBERTY,

Defendants/Third-Party P

v.

B.P. SLAVITT ASSOCIATES, INC., a New Jersey Corporation;
ADAM J. SLAVITT; SHARON SLAVITT,

Third-Party Defendants

Grace/Newark Housing Limited Partnership;
Mainland Development Company; Michael A. Lib

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable Faith S. Hochberg
(D.C. Civil Action No. 99-3739 (FSH))
_____

Argued on February 26, 2002

Before: ROTH, FUENTES, and GIBSON, Circuit Judges

(Opinion Filed: March 26, 2002)
_____

Daniel J. McCarthy  [ARGUED]
Diane U. Dabulas
Keli Bowden
Rogut McCarthy PC
37 Alden Street
Cranford, New Jersey 07016
Counsel for Appellants

Robert J. Fettweis  [ARGUED]
Wolf, Block, Schorr and Solis-Cohen, LLP
744 Broad Street, Suite 1515
Newark, New Jersey 07102
Counsel for Appellee

FUENTES, Circuit Judge:

Defendants appeal from the District Court's grant of summary judgment in favor of Plaintiff Donald J. O'Leary on all claims. Because we find no error in the District Court's decision, we will affirm.

O'Leary's claims arise from two contracts relating to the sale of Grace West Manor ("Grace West"), a low income housing project, to Defendant Grace/Newark Housing Limited Partnership ("Grace/Newark"). Defendant Mainland Development Company ("Mainland") is the sole general partner of Grace/Newark, and Defendant Michael A. Liberty is the President of Mainland.

In a letter dated October 29, 1996 from Grace/Newark and Liberty to O'Leary as the sole general partner of Grace Associates, Grace/Newark agreed to purchase the Grace West management rights from O'Leary for $200,000. This provision states:

> Grace/Newark Housing Limited Partnership will pay the Two Hundred Thousand Dollars ($200,000) to you as the General Partner of Grace Associates on the first anniversary of the New Jersey Housing Mortgage Finance Authority's (NJHMFA's) ratification of its proposed regulations allowing an enhanced rate of return on our Developer's Fee and cash equity of 600 basis points above long-term Treasury Bills. Our obligation to pay vests if and only if NJHMFA ratifies said regulations. Again, the time for payment is one (1) year after the date such ratification occurs. I am personally guaranteeing the payment of these monies to you if when they become due.

App. at A31.

It is undisputed that at the time that the management rights agreement was signed, there was only one regulation proposed by the NJHMFA. Based on a review of the October 21, 1996 Index of New Jersey Register, which lists active rule proposals published within the preceding year, the only pending NJHMFA regulation involved changes to N.J.A.C. 5:80-32. This regulation concerned an enhanced rate of return on developer's equity. The proposed regulation did not mention "cash equity of 600 basis points above long-term Treasury Bills." The proposed regulation was adopted as N.J.A.C. 5:80-32.7, effective March 3, 1997. Defendants have not paid O'Leary the $200,000 management rights fee.

O'Leary entered into a separate consulting agreement with Mainland in June 1996. While this Agreement is not dated, both O'Leary and Liberty signed the document. The agreement's retainer provision states that Mainland agreed to pay O'Leary $36,000 per year during the term of the agreement, with the "first such annual retainer fee to be paid upon the execution hereof..." App. at A33. Upon execution of this agreement, Mainland failed to pay the initial $36,000 retainer fee, and continued to refuse to make payment of the initial retainer.

O'Leary filed a complaint in the District of New Jersey against Grace/Newark, Mainland, and Liberty (collectively "Defendants"). O'Leary claimed breach of the two contracts and breach of the guaranty of payment in the management rights agreement by Liberty personally. Defendants filed an answer and a third-party complaint. The third-party complaint is not part of this appeal. O'Leary moved for summary judgment on all claims, and discovery was stayed pending disposition of this motion.

On December 19, 2000, the District Court granted O'Leary's motion for summary judgment on all counts. In a bench opinion, the District Court held that the condition precedent in the management rights agreement was satisfied by the ratification of N.J.A.C. 5:80-32.7, and rejected all other defenses to Defendants' liability under both contracts. The court ordered Defendants to pay O'Leary $200,000 under the management rights agreement and $36,000 under the consulting agreement. Defendants moved for reconsideration, and that motion was denied on February 8, 2001.

The District Court had diversity jurisdiction over this case under 28 U.S.C. 1332, and we have jurisdiction over this timely appeal under 28 U.S.C. 1291. Our review over the court's grant of summary judgment is plenary. See Armour v. County of Beaver,

271 F.3d 417, 420 (3d Cir. 2001).

We first consider the management rights agreement claims. Under basic contract law, a condition precedent is "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." Restatement (Second) of Contracts 224. Defendants argue that no regulation was ever ratified allowing its rate of return to be enhanced to 600 basis points above long-term Treasury Bills, and therefore the condition precedent was not satisfied and its payment obligation never arose. Yet this argument ignores the importance of the words "proposed regulations" in the condition. The only proposed regulation at the time of execution of the agreement provides for an enhanced rate of return on a developer's equity investment. Thus, O'Leary asserts that the contract must have been referring to this regulation. Because the regulation, N.J.A.C. 5:80-32.7, was ratified on March 3, 1997, O'Leary argues that Grace/Newark was obligated to pay O'Leary $200,000 on March 3, 1998, the one year anniversary of ratification.

We agree. As the only proposed regulation, N.J.A.C. 5:80-32.7 must be that to which the parties referred in the agreement. Defendants' subjective expectation of a particular rate of return is irrelevant under the clear terms of the contract, as the contract does not guarantee any specific rate, but instead depends upon ratification of the "proposed regulation." While defendants stress that a specific Treasury-based enhanced rate regulation was never ratified, they do not account for the fact that no such regulation was ever proposed. Their contention at oral argument that such a regulation might have been informally pondered by the NJHMFA is irrelevant in light of the plain contractual language referring to "proposed regulations." If any ambiguity exists because of the reference to "600 basis points above long-term Treasury bills," we construe the provision against Defendants because they drafted the agreement.

We agree with the District Court that the NJHMFA "did in fact adopt the proposed regulations referred to in the agreement." App. at A6. Defendants were obligated to pay O'Leary $200,000 on March 3, 1998. The District Court did not err in granting O'Leary summary judgment on his claims under the management rights agreement.

As for the Consulting Agreement, Defendants argue that they are not obligated to pay O'Leary the initial $36,000 retainer because O'Leary misrepresented his value as a consultant, because O'Leary breached the agreement by failing to provide consulting services and harming Defendants' business interests, and because the contract is ambiguous as to the due date of payments. The District Court did not err in rejecting these meritless arguments in light of the clear contractual language.

Mainland agreed to pay O'Leary a $36,000 retainer fee per year, "[t]he first such annual retainer fee to be paid upon the execution hereof..." This language could not be clearer. The District Court held that this first payment was "unequivocally due" upon execution, that the contractual language was "unambiguous," that "no performance was required prior to the payment of this first sum, and "without payment of this sum, Mr. O'Leary had no duty to perform." App. at A8. We find no error in these conclusions.

For these reasons, the judgment of the District Court is AFFIRMED.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judg